ENTERPRISE DYE WORKS, INC. *vs.* FRANK GUILFOYLE.

MARCH 12, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

PAOLINO, J. This is an employer's petition to discontinue payments of workmen's compensation. The cause is before this court on the employer's appeal from the decree of the commission affirming the decree of the trial commissioner denying and dismissing the petition.

This action arises from an injury sustained by respondent on May 12, 1958 while employed by petitioner. On May 23, 1958 the parties executed a preliminary agreement providing for the payment of compensation for total incapacity. Thereafter, on October 31, 1960 petitioner filed with the

commission a notice of intention to discontinue payments together with a wage transcript dated September 20, 1960. The notice and transcript were filed pursuant to the provisions of G. L. 1956, §§28-35-46 and 28-35-47.

Section 28-35-46 authorizes the filing of such a notice for the following reasons: (1) Where an employee has returned to work at an average weekly wage equal to or in excess of that which he was earning at the time of his injury; (2) where an employee is able to return to the same work which he performed at the time of his injury; and (3) where an employee is able to return to light selected work on a day certain.

The petitioner's notice of intention is based on the first of such reasons. Accordingly, pursuant to the provisions of §28-35-47 a wage transcript was filed purporting to support the allegation that respondent had returned to work at an average weekly wage equal to or in excess of that which he was earning at the time of his injury. The respondent did not dispute petitioner's claim at that time and therefore, pursuant to the provisions of §28-35-51, the commission thereupon notified petitioner of its right to suspend payments. The payments were suspended on November 14, 1960.

On November 17, 1960, pursuant to the provisions of §28-35-52, respondent filed a request for a hearing before the commission on such suspension. The hearing was held on February 6, 1961. The petitioner introduced in evidence the wage transcript dated September 20, 1960 and one dated January 10, 1961. These transcripts listed the number of hours worked and the wages earned weekly from July 11, 1960 to January 6, 1961.

The respondent admitted that he returned to work for petitioner on July 11, 1960. However, he testified that he did not return to his regular work and that he never performed his usual work during the period in question. He stated that he tried to do the work he performed before his

injury, but was unable to do so. Although he admitted that he was able, with help, to do the work he was performing since July 11, 1960 until he was laid off due to lack of work in December 1960, he testified that he was still incapacitated from performing his regular work.

Notwithstanding the fact that the wage transcripts indicated that during the period covered therein respondent earned wages equal to or in excess of his average weekly earnings at the time of his injury, the trial commissioner entered a decree finding that respondent had not recovered from his injury to the extent that he was able to return and do all the duties his former job required and that his earnings were not then equal to or in excess of his average weekly wage at the time of his injury. He therefore denied and dismissed the petition without prejudice and ordered petitioner to continue the compensation payments in accordance with the preliminary agreement.

The petitioner appealed from such decree and on June 19, 1961 a majority of the full commission entered a final decree affirming the decree of the trial commissioner. Under its reasons of appeal to this court petitioner contends that the decree of the full commission is against the law and the evidence.

In substance it argues that, on the basis of the evidence before them, the commission should have treated the instant proceeding as a petition to review and that they should have granted relief in accordance with the provisions of §28-35-45. Section 28-35-45 authorizes the review and modification of any agreement, award, order, finding or decree in workmen's compensation cases upon the ground that the incapacity of an injured employee has diminished, ended, increased or returned, or that the weekly compensation payments have been based upon an erroneous average weekly wage. In proceedings brought under this section the commission is expressly authorized to decrease, suspend, increase, commence or recommence compensation payments

in accordance with the facts, or to make such other order as the justice of the case may require.

The petitioner contends that in the peculiar circumstances of this case the commission should have suspended the payments or that, in the alternative, they should have reduced the payments from total to partial; that they should have fixed respondent's earning capacity on the basis of the wage transcripts in evidence; and that, in any event, they should have allowed petitioner to suspend payments of compensation during the weeks in which respondent actually worked and received wages as disclosed by the wage transcripts.

The petitioner relies on certain language in *Gilbane Building Co.* v. *Feeney*, 86 R. I. 385, 388, and *Gamco, Inc.* v. *Shea*, 88 R. I. 419, 424, to support its contention that the instant proceeding should be treated as a petition to review the question of total incapacity. Those cases do not help petitioner in the case at bar. They are clearly distinguishable. Although they involved notices of intention to suspend payments, as in the instant case, the reasons for the notices were different. In *Gilbane* the petitioner filed a notice of intention to reduce the payments from total to partial on the ground that the employee's incapacity had diminished. In *Gamco* the notice was based on the ground that the employee was able to return to work. In those cases the question of the extent of the employees' incapacity to work was clearly an issue by virtue of the allegations in the notices and the court correctly stated that the proceedings were in effect petitions to review total incapacity.

The petitioner in the instant case based its notice of intention only on the ground that respondent had returned to work at an average weekly wage equal to or in excess of that which he was earning at the time of his injury. This was the only issue before the commission and, as the moving party, it had the burden of proving such allegation by a fair preponderance of the evidence. The commission found against petitioner on this issue. In our opinion the evidence

supports such finding. The statement of law which petitioner quotes from *Universal Winding Co.* v. *Parks,* 88 R. I. 384, 391, is therefore not applicable.

General laws 1956, §28-35-51, prescribes the formula to be followed by the commission in this proceeding. The pertinent portion thereof provides that: "If the commission is not satisfied that the employee has returned to work at an average weekly wage equal to or in excess of that which he was earning at the time of his injury, it shall notify the employer or insurer to continue or resume compensation payments even after they have been suspended." The statute thus clearly defines the authority of the commission. There is nothing therein directly or by implication which empowers them to do otherwise. In the circumstances it was the plain duty of the commission to carry out the legislative mandate in accordance with the provisions of §28-35-51. This they have done. In our opinion the final decree appealed from is supported by the evidence and is correct in law.

The petitioner's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Vincent J. Chisholm,* for petitioner.

*Lewis Z. Lavine,* for respondent.